## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JERRY LLOYD SEWARD,     )
      )
      Petitioner,     )
      )
     vs.     )     **Case No. CIV-07-246-F**
      )
WARDEN PROVINE,     )
      )
      Respondent.     )

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking relief from a state court conviction.  United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  The petition has been examined promptly in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and for the following reasons, it is recommended that the petition be dismissed upon filing.

### BACKGROUND

By this action, Petitioner challenges his conviction of Rape in the First Degree of a Minor Under the Age of Fourteen pursuant to his plea of guilty for which he was sentenced on June 25, 2003[1] to a 40-year term of imprisonment, with all but the first 20 years suspended.  Case No. CF-02-409, District Court of Grady County; Petition, p. 2; Ex.

---

[1]Petitioner lists the date of conviction as June 25, 2003, but the Oklahoma Court of Criminal Appeals listed it as June 23, 2003.  See Petition, p. 1; Ex. 3.  For purposes of this Report and Recommendation, the undersigned has used Petitioner's date, although the undersigned's analysis of the timeliness of the petition is not affected by whichever date is used.

3, 5.[2] Petitioner did not move to withdraw his guilty plea or otherwise perfect an appeal from this conviction.  Petition, pp. 2-3.

Nearly two years after Petitioner was convicted and sentenced, he filed an application for state post-conviction relief based upon a claim of newly discovered evidence supporting claims of actual innocence and ineffective assistance of counsel. See id. at 4, Ex. 2.  The trial court denied the application and the Oklahoma Court of Criminal Appeals affirmed the denial in an order issued July 22, 2005.  Id. at Exs. 1, 3.

After the passage of nearly another year, Petitioner filed a second application for state post-conviction relief on June 16, 2006.  Again, the trial court denied relief and the Oklahoma Court of Criminal Appeals affirmed that decision on January 26, 2007. Petition, Exs. 4, 5.  Petitioner then filed the petition for a writ of habeas corpus now before the Court on February 27, 2007.  Petition, p. 2.

Petitioner suggests four grounds for relief.  In Ground One, Petitioner claims that the state post-conviction proceedings were constitutionally inadequate because the application of procedural bars prevented consideration of the merits of his claims, no evidentiary hearings were held, and amendments to the application were not permitted. Id. at 6.  In Ground Two, Petitioner alleges that the state courts' refusal to permit him to withdraw his guilty plea out-of-time or conduct evidentiary hearings violated his right to due process.  Id. at 7.  In Ground Three, Petitioner contends that trial counsel rendered ineffective assistance by agreeing with the prosecution to refrain from presenting evidence that demonstrated Petitioner's innocence and that a defective information

---

[2]Citations to page numbers of the petition refer to the typewritten page numbers in the top right corner of each page of the petition.  The first page is marked "Page 2."

deprived the trial court of jurisdiction to take his plea and impose a sentence. Id. at 9. Finally, in Ground Four, Petitioner claims that trial counsel was ineffective and that the prosecution withheld Brady material.  Id. at 11.

DISCUSSION

A.     Screening Requirement

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.  Further, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition."  Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006).  When a magistrate judge sua sponte reviews a petition's timeliness, it does not prejudice the petitioner because there is an opportunity to be heard on the issue by filing an objection to the report and recommendation.  See Smith v. Dorsey, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. Jul. 29, 1994) (finding "no due process problem" where magistrate judge raised procedural bar sua sponte and petitioner had opportunity to object to recommendation before district court adopted it).[3]

Based upon the initial review, the undersigned finds that Grounds One and Two of the petition challenge the adequacy of the state post-conviction proceedings and thus do not state a federal constitutional claim, while Grounds Three and Four are untimely.

---

[3]This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

B.   *Limitations Period*

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year

limitations period governing the claims of habeas petitioners in state custody.  Rhine v.

Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).  The one-year limitations period runs from

the latest of:

> (A)  the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Unless a petitioner alleges facts implicating subsections

(B), (C), or (D), the limitations period begins to run from the date on which the conviction

became final.  Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Under § 2244(d)(1)(A), Petitioner's claims in Grounds Three and Four are clearly

untimely.  As noted, Petitioner was sentenced on June 25, 2003.  He did not seek to

withdraw his plea of guilty or otherwise challenge his conviction within ten days as

required under Oklahoma law.  See Rule 4.2, Rules of the Oklahoma Court of Criminal

Appeals, Okla. Stat. tit. 22 ch. 18 app. (to appeal from any conviction on a plea of guilty

or nolo contendere, defendant must have filed an application to withdraw the plea within

ten days from the date of the pronouncement of the judgment and sentence).  Petitioner's

4

conviction therefore became final on July 5, 2003. <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's three convictions pursuant to guilty pleas were final ten days after the entry of each judgment and sentence where petitioner failed to appeal each conviction, citing Rule 4.2). Therefore, under § 2244(d)(1)(A), Petitioner had until July 5, 2004, to file his federal habeas action. <u>Malone v. State</u>, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir., June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing <u>United States v. Hurst</u>, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until February 27, 2007, and in the absence of tolling, is clearly untimely. Further, statutory tolling is not available under this method of ascertaining the limitation period as Petitioner's post-conviction relief applications were not filed until the limitation period had already expired. <u>Fisher</u>, 262 F.3d at 1142-43; <u>Hansell v. LeMaster</u>, No. 98-2207, 1999 WL 258335, at *2 (10th Cir., Apr. 30, 1999) (refusing to toll limitations period for time petitioner spent seeking post-conviction relief where petitioner did not seek such relief until after statutory period expired). Equitable tolling will be discussed in addressing an alternative method of calculating the limitations period below.

Since Grounds Three and Four involve claims of newly discovered evidence, the limitations period must be calculated using § 2244(d)(1)(D), the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner does not specifically identify what the newly discovered evidence is, but he references the "results of the DNA test." <u>See</u> Petition, p. 4. The Oklahoma Court of Criminal Appeals, in affirming the denial of Petitioner's first

post-conviction relief application states that the DNA test to which Petitioner refers is an

Oklahoma State Bureau of Investigation (OSBI) report dated April 9, 2003.  See id. at Ex.

3.  The Court described its contents as follows:

> The [OSBI] report itself specifically states that "no [DNA] comparisons were performed." It therefore does not purport to link Petitioner to the crime based on DNA evidence, nor does it purport to exclude Petitioner as the perpetrator based on DNA evidence.

Id. at Ex. 3, p. 3 (internal citation omitted).  The Court noted that Petitioner alleged he

first received notice of this when he received a copy of the report in September 2004.[4]

Id. at Ex. 3, p. 2.

As noted, the discovery of new evidence enables a petitioner to seek § 2254 relief

within one year of "the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence."

Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000) (quoting § 2244(d)(1)(D)).

Petitioner claims that the OSBI report is newly discovered evidence and implicitly argues

that  he was sufficiently diligent in his attempts to discover it.  See Petition, pp. 11, 14.

 If these arguments are indulged, Petitioner's time to file a federal habeas petition based

on the discovery of this evidence began to run in September 2004 when he received a

copy of the report.  See Easterwood, 213 F.3d at 1323 (noting that limitations period to

file habeas claim based upon newly discovered evidence could begin to run on the date

---

[4]The OSBI report is dated April 9, 2003, which is a few months prior to the date Petitioner pled guilty.  Thus, defense counsel apparently obtained a copy of this report before Petitioner pled guilty.  In the appeal of the denial of the first application for post-conviction relief, Petitioner claimed that he was not aware of the OSBI report's existence until he received a copy of it in connection with a complaint he filed with the state bar.  Petition, Ex. 3, pp. 2-3.

the petitioner became aware of the existence of the new evidence establishing the factual predicate of the claim).

Petitioner does not supply the exact date he received the report or divulge whether he was aware of its contents prior to obtaining a copy of it.  For argument's sake the undersigned will presume that Petitioner learned of the contents of the report and received it on September 30, 2004, the last day of September.  Under this reading, the limitations period for claims relating to the report expired September 30, 2005, one year after Petitioner received a copy of the OSBI report that he claims provides the factual predicate of the claims raised in Grounds Three and Four.  See Hurst, 322 F.3d at 1261 (holding that anniversary method should be applied to calculate AEDPA limitations period).

C.    *Tolling*

    1.    Statutory

The limitations period for seeking § 2254 relief is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

Petitioner filed the first application for state post-conviction relief on April 25, 2005.  That application remained pending for 88 days until the Oklahoma Court of Criminal Appeals denied relief in an opinion dated July 22, 2005.  Petition, p. 4, Exs. 1, 3. Consequently, Petitioner had 88 days after the one-year AEDPA limitations period expired on September 30, 2005, or until December 27, 2005, in which to seek federal

7

habeas relief relating to the issues presented in Grounds Three and Four.[5]  The petition was not filed until February 2007, and thus absent a showing to warrant equitable tolling, the claims raised in Grounds Three and Four are untimely.

      2.     Equitable Tolling

      The limitations period may be subject to equitable tolling under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Simple excusable neglect is insufficient.  Klinger, 232 F.3d at 808.

      Petitioner has not alleged any facts indicating that the failure to timely file a petition asserting Grounds Three and Four was caused by circumstances beyond his control. Petition, pp. 14-14A. Petitioner contends that his ignorance of the law, lack of competent counsel, and limited access to the prison law library warrant equitable tolling. Id.  However, none of these circumstances excuse Petitioner from the obligation to diligently pursue claims within AEDPA's one-year limitations period.  See Marsh, 223 F.3d at 1220 (ignorance of law does not warrant equitable tolling); Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. Nov. 6, 2002) (allegations of insufficient access to law library, standing alone, do not warrant equitable tolling) (citing Miller, 141 F.3d at 978);

---

[5]Petitioner's second application was not filed until June 13, 2006, after the limitation period expired, so statutory tolling is not available for it.  See Hansell, No. 98-2207, 1999 WL 258335, at *2.

Hickmon v. Mahaffey, 28 Fed. Appx. 856, 858 (10th Cir. Nov. 29, 2001) (inability to hire attorney does not warrant equitable tolling).  Further, there is nothing unique or unusual about the allegations of the petition which suggest that this case presents the rare circumstance in which equitable tolling should be applied.  Therefore, application of the equitable tolling doctrine is not appropriate and the claims raised in Grounds Three and Four are time-barred.

D.      *Remaining Claims*

The claims raised in Grounds One and Two challenge the adequacy of the state post-conviction proceedings that concluded on January 26, 2007.  While the petition is timely with respect to those claims, these claims should be dismissed as they do not state a cognizable habeas claim.

"[N]o constitutional provision requires a state to grant post-conviction review." Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)).  Thus, a due process challenge to a state's post-conviction procedures fails to state a federal constitutional claim cognizable in a federal habeas proceeding.  Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).

As the claims presented in Grounds One and Two of the petition are due process challenges to the state post-conviction proceedings that do not raise a claim cognizable in a federal habeas action, they should also be dismissed.

RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus [Doc. No. 1] be dismissed on filing.  In light of the recommendation, Petitioner's Motion to File a First 2254 Habeas Petition that May Be Out of Time [Doc. No. 3] should also be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 11, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at the following address:  fhc.docket@oag. state.ok.us.

**ENTERED this 22nd day of May, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE