IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY LLOYD SEWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | Case No.  CIV-07-246-F |
| | ) | |
| WARDEN PROVINE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner proceeding *pro se*, timely objects to the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo on May 22, 2007, recommending that his 28 U.S.C. § 2254 petition be dismissed upon filing and that his motion to file a first § 2254 habeas petition that may be out of time be denied.  In the Report and Recommendation, Magistrate Judge Argo specifically found that Grounds Three and Four of the petition are untimely and that Grounds One and Two of the petition do not raise a claim cognizable in a federal habeas action.

The court has reviewed the matter *de novo* in accordance with 28 U.S.C. § 636(b)(1).  Having done so, the court finds petitioner's objection to be without merit.  The court concurs with Magistrate Judge Argo that Grounds Three and Four of the petition were not filed within the applicable one-year limitations period.  The court also concurs that application of the equitable tolling doctrine is not appropriate. The court concludes that petitioner has failed to demonstrate either that extraordinary circumstances beyond his control prevented him from filing Grounds Three and Four on time or that he diligently pursued his claims throughout the period he seeks to toll. *See*, Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), Miller v. Marr, 141 F.3d

976, 978 (10th Cir. 1998). In addition, the court concurs with Magistrate Judge Argo that Grounds One and Two of the petition do not raise a claim cognizable in a federal habeas action. The court therefore accepts, adopts, and affirms the Report and Recommendation in its entirety.

In addition to objecting to the Report and Recommendation, petitioner has requested the court to appoint counsel and to issue a declaratory judgment regarding his claims. Because the court concludes that petitioner's § 2254 petition should be dismissed upon filing as recommended by Magistrate Judge Argo, the court concludes that both requests should be denied. As to petitioner's particular request for counsel, the court notes that "there is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion . . . ." Swaco v. Wyo. Dep't of Corrs. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). For the reasons herein stated, the court declines to exercise its discretion.

IT IS THEREFORE ORDERED that the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo on May 22, 2007 (doc. no. 11) is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**.

IT IS ALSO ORDERED that petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed February 27, 2007 (doc. no. 1), is **DISMISSED**.

IT IS ADDITIONALLY ORDERED that petitioner's Motion for Permission to File a First 2254 Habeas Petition that May be Out of Time, filed February 27, 2007 (doc. no. 3), is **DENIED**.

IT IS FURTHER ORDERED that petitioner's Motion to Appoint Counsel, filed June 4, 2007 (doc. no. 13), and Motion for Declaratory Judgment, filed June 4, 2007 (doc. no. 15), are **DENIED**.

DATED at Oklahoma City, Oklahoma, this 6th day of June, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0246p004(pub).wpd